MRS. E. A. BOUTWELL ET AL. V. JACOB HILTPOLD.

(No. 2886.)

APPEAL from Harris County. Opinion by WILLSON, J.

JONES & GARNETT, counsel for appellants.

BLAKE DUPREE, counsel for appellee.

§ **65.** *Sale of cattle; bill of sale need not be recorded, when; case stated.* It appears from the evidence in this case that more than two years prior to the levy upon the cattle in question, appellant, the claimant, purchased from Mrs. M. J. Miller the said cattle, receiving a bill of sale therefor accompanied by actual delivery of the cattle; that Mrs. M. J. Miller was at the time of said sale and purchase the owner of said cattle in her own separate right, and that E. P. Miller, defendant in execution and husband of Mrs. M. J. Miller, never at any time owned

said cattle or any interest therein. Appellant, the claimant, from the date of said sale and purchase, claimed and possessed said cattle as her property. Her bill of sale was not recorded. It is not pretended that her purchase of said cattle was fraudulent or without consideration, but the validity of the same is attacked solely on the ground that her bill of sale was not recorded, as required by article 4564 of the Revised Statutes. We are of the opinion that said article of the statute does not apply in this case, because the evidence does not show that the sale was of cattle as they run in the range by marks and brands, but was a sale of said cattle such as is named in article 4562 of the Revised Statutes, by written transfer accompanied by actual delivery. It is shown by the evidence, and not contradicted, that E. P. Miller never at any time owned any interest in said cattle, but that they were the separate property of M. J. Miller, his wife, who, for a valuable consideration, sold and delivered them to the claimant; and that said claimant thereafter, for more than two years prior to the levy, openly and adversely claimed and possessed them. We think the evidence establishes most clearly the claimant's right to the cattle, and that the same were and are not subject to appellee's execution.

March 15, 1890.    Reversed and remanded.